IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HARLAN E. MCVEA BY AND THROUGH DEBORAH RINEHART, ADMINISTRATRIX, INDIVIDUALLY AND IN HER REPRESENTATIVE CAPACITY ON BEHALF OF THE ESTATE OF HARLAN E. MCVEA, DECEASED;<br><br>Plaintiff,<br><br>vs.<br><br>BEXAR COUNTY, TEXAS; UNKNOWN, UNNAMED OFFICERS OF THE BEXAR COUNTY SHERIFF'S OFFICE, INDIVIDUALLY AND OFFICIALLY, BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § CAUSE NO. 5:11-CV-00256 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now, the PLAINTIFF, DEBORAH RINEHART, by and through her undersigned counsel, and hereby complains of the DEFENDANTS, in this action for the violation of PLAINTIFF decedent, HARLAN E. MCVEA's civil rights, pursuant to 42 U.S.C. §§ 1983 and 1986 and for attorneys' fees and costs pursuant to 42 U.S.C. §1988. In support hereof and for good cause, PLAINTIFF respectfully shows the Court the following:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§1983, 1986 and 1988, and the Fourth Amendment, made applicable to the Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1343(3) and the aforementioned constitutional and statutory provisions.

1

2. Venue lies in the Western District of Texas, the district in which the claims arose, pursuant to 29 U.S.C. §1391(b).

## II. PARTIES

3. This action is brought by the Plaintiff:

   a. HARLAN E. MCVEA, DECEASED, by and through his mother DEBORAH RINEHART, Administratrix of the ESTATE OF HARLAN E. MCVEA, DECEASED, and in DEBORAH RINEHART's individual capacity.

4. The Plaintiff resides in San Antonio, Bexar County, Texas. For the purposes of this action, the Plaintiff may be served with process, except citation, summons, subpoena or other compulsory process, care of undersigned counsel.

5. Defendants in this action are as follows:

   a. BEXAR COUNTY, TEXAS. This suit is against Bexar County, Texas, a municipal corporation operating pursuant to the Constitution and the laws of the United States and the State of Texas. This Defendant may be served as follows:

   Bexar County District Attorney
   Civil Section
   Bexar County Justice Center
   San Antonio Texas 78205-3030

   b. UNKNOWN, UNNAMED OFFICERS OF THE BEXAR COUNTY SHERIFF'S OFFICE, who at the time of the incidents at issue in this lawsuit and through the present time, are employed at the BEXAR COUNTY ADULT DETENTION CENTER ("the Jail"). These DEFENDANTS, sued individually and officially, are believed to be residents of Bexar County and may be served with process at their place of employment:

   Unknown, Unnamed Officers
   c/o Sheriff Amadeo Ortiz
   Bexar County Sheriff's Office
   Bexar County Adult Detention Center
   200 Comal Street
   San Antonio Texas 78207-3505

Plaintiff intends to substitute their names once their identities are ascertained.

    c.    The BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM. This Defendant is a unit of government existing and organized pursuant to the laws of the State of Texas to provide medical/health care and treatment to the inmates and/or detainees held in custody at the Jail. See TEX. HEALTH & SAFETY CODE ANN. § 281.002. This Defendant may be served by serving its President and CEO as follows:

Bexar County Hospital District
d/b/a University Health System
George B. Hernandez, Jr.
President and CEO
Attn: Legal Department
Corporate Square
4801 NW Loop 410, 10th Floor
San Antonio, Texas 78229

6.    All conditions precedent to the filing of suit and the entry of judgment have been duly performed or have occurred.

7.    All individuals sued in this cause acted under color of state law.

### III. NATURE OF THE CASE

8.    Plaintiff decedent, HARLAN E. MCVEA died within days after he was incarcerated and/or detained at the Bexar County Jail on or about March 31, 2009, in San Antonio, Bexar County, Texas.

9.    Plaintiff brings this action for compensatory and punitive damages against: BEXAR COUNTY, TEXAS; UNKNOWN AND UNNAMED OFFICERS OF THE BEXAR COUNTY SHERIFF'S OFFICE employed at the BEXAR COUNTY ADULT DETENTION CENTER/JAIL, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, AND THE BEXAR COUNTY HOSPITAL DISTRICT D/B/A UNIVERSITY HEALTH SYSTEM, "DEFENDANTS." These DEFENDANTS, jointly and severally, denied PLAINTIFF and the DECEDENT, HARLAN E. MCVEA, the rights guaranteed to them by the Constitution and the laws of the United States

and of the State of Texas.

10. PLAINTIFF DEBORAH RINEHART is the surviving next of kin and personal representative of the estate of the decedent, HARLAN E. MCVEA. She brings this action on behalf of her deceased son's estate pursuant to TEX. CIV. PRAC. & REM. CODE §71.021 (survival statute). Further, Plaintiff brings this claim individually pursuant to the wrongful death provisions of Chapter 71 of the Texas Civil Practice and Remedies Code.

11. At the time of his death, HARLAN E. MCVEA was thirty-one years old, in good physical health, although he suffered from drug addiction and a history of bipolar disorder, obsessive-compulsive tendencies, and depression. He was an animal rights activist, book author, frequent contributor to local newspapers, such as The San Antonio Current, and a good son. He died intestate, and there are no claims against his estate. No administration, therefore, was taken on his estate and none was necessary.

12. The decedent was subjected to intentional mistreatment and deliberate indifference by DEFENDANTS, jointly and severally, which resulted in his wrongful death at all times while he was a pre-trial detainee under the care, custody and control of the DEFENDANTS, including but not limited to: Bexar County Sheriff's Office employees, officers, representatives and/or agents at the Bexar County Jail, as well as the medical staff of the Bexar County Hospital District d/b/a the University Health System (hereinafter referred to as "the Bexar County Hospital District" or "UHS").

13. The decedent's untimely death, as well as the custodial death(s) at issue in the suit styled *Jonathan Ramirez v. Bexar County et al.* (5:10-CA-0293(FB)), not only underscores the illegal actions DEFENDANTS directed toward him, but also tragically reveals and exemplifies the illegal policies, customs and practices followed by DEFENDANTS in failing to prevent bodily injury (or death as in this case) to inmates/pre-trial detainees from themselves or others.

14. BEXAR COUNTY and BEXAR COUNTY HOSPITAL DISTRICT are sued, jointly and

severally, because they have repeatedly failed and refused to adequately supervise and train their agents, officers, employees and medical personnel, directly resulting in the decedent's death by not being monitored in a reasonable manner; particularly, after HARLAN E. MCVEA, decedent, informed the BEXAR COUNTY Jail staff and BEXAR COUNTY HOSPITAL DISTRICT medical staff that he was overly anxious and feeling paranoid over his drug withdrawal, had tried to commit suicide in the past and was showing evident signs of being a suicide risk; and thus, giving them actual notice that HARLAN E. MCVEA was a pre-trial detainee with recurrent, and indeed very real, suicidal ideations.

15. Moreover, Jail officials failed and refused to assure that the holding cells utilized for detainees, such as HARLAN E. MCVEA, who were detoxifying and had (or were prone to having) suicidal tendencies, were suitable for such purposes. The features of the cells used and the materials provided to these detainees were wholly unsuitable, and in violation of the DEFENDANTS' suicide prevention policies and procedures, as well as detoxification guidelines. In essence, Bexar County Jail officials intentionally and knowingly provided these individuals, such as HARLAN E. MCVEA, with the means to hang and kill themselves.

16. In any event, the actions and inactions of the BEXAR COUNTY Jail officials, guards and/or staff, as well as those of the BEXAR COUNTY HOSPITAL DISTRICT's medical staff, demonstrate a deliberate indifference to these pre-trial detainees' constitutional right to reasonable care and supervision while being held pending release/bond or trial on the merits. DEFENDANTS' indifference under these circumstances is tantamount to cruel and unusual punishment without due process of law. It is for these reasons that both damages and injunctive relief are sought.

17. Further, upon information and reasonable belief, decedent HARLAN E. MCVEA made it expressly clear during his initial medical intake/screening conducted at the beginning of his detention, that he was undergoing a drug withdrawal from methadone and/or heroin and that it had been hours since he last used one or both of these drugs. As such, DEFENDANTS had

actual notice that decedent MCVEA needed to be constantly and closely monitored, and also be placed in a detoxification program. Upon reasonable belief and knowledge, decedent HARLAN E. MCVEA was also not properly treated for his drug addiction at the time he was detained/booked at the Jail, and had his medical needs (including his fragile mental state), blatantly disregarded.

18. The DEFENDANTS have demonstrated deliberate indifference to the constitutional rights of the decedent PLAINTIFF and other similarly situated decedents by failing to enact, implement, follow, and otherwise execute appropriate policies and procedures to prevent the loss of life by persons known to have suicidal tendencies, or those who are more prone to have suicidal thoughts due to their fragile mental illness and/or drug addiction. The failure to train, supervise and equip police and/or detention officers and medical staff, in the provision of medical care and the protection and supervision of inmates and/or detainees, specifically those with well-documented mental illness conditions who also exhibit suicidal tendencies, as well as those with suicidal propensity due to drug addiction, such as the decedent PLAINTIFF. These failures caused the violation of decedent HARLAN E. MCVEA's constitutional rights, and ultimately his life.

19. It is worth noting that in 2009, the Bexar County Jail had the highest number of custodial suicides at the facility in at least a decade, with a total of five reported cases (more than three times the national average), including the deaths of HARLAN E. MCVEA and Jonathan Ramirez, the decedent and named Plaintiff in a civil rights suit currently pending in this Court.1 In 2010, there were a total of three reported cases of custodial suicides at the BEXAR COUNTY Jail; an alarming trend for a Jail its size. Unless BEXAR COUNTY and its Sheriff's Office are required by this Court to take reasonable corrective actions, other persons will needlessly suffer

---

1 On March 22, 2010, the undersigned counsel who also represents *Jonathan Ramirez* in the civil rights action pending in this Court, 5:10-CA-0293(FB-NN), filed an expedited motion for leave to file a second amended complaint, and name three other Plaintiffs to the action, including Harlan E. McVea by and through Deborah Rinehart. Since the motion is opposed by both Defendants, Plaintiff McVea has filed the instant action in accordance with the applicable limitations period. Once the motion for leave in the *Ramirez* case is granted, and in the interests of fairness and judicial comity, Plaintiff McVea will promptly move to have this suit dismissed and/or consolidated with the *Ramirez* suit.

6

similar fates. Indeed, the recognition, affirmation, and vindication of Plaintiff decedent's civil rights as a citizen of the State of Texas and of the United States of America are sought by this action so as to dispel any future notions by DEFENDANTS that the PLAINTIFF and/or HARLAN E. MCVEA or any other American, should be subjected to the loss of life in contravention of their federal and state constitutional rights.

### IV. FACTS GIVING RISE TO PLAINTIFF'S CAUSES OF ACTION

20. HARLAN E. MCVEA was born on November 30, 1977 in San Antonio, Bexar County, Texas.

21. On or about March 30, 2009, HARLAN E. MCVEA was arrested and processed into the BEXAR COUNTY Jail in San Antonio, Texas, and was scheduled for his initial court appearance after his request to be released on bond was denied. He was arrested for attempting to secure drugs by fraud and for committing theft.

22. At the time of his arrest, HARLAN E. MCVEA had a well-established history, which was notated in his initial intake and medical screening records at the Jail, of drug addiction (*i.e.*, opioid abuse and undergoing methadone withdrawal), bipolar disorder, obsessive-compulsive tendencies, and depression.

23. Further, HARLAN E. MCVEA openly stated to Jail and BEXAR COUNTY HOSPITAL DISTRICT's medical staff personnel, that he last took his psychiatric medicine (Seroquel, 200 mg) two days prior to his arrest and complained of feeling paranoid, anxious, and restless due to "irregular heart palpitations." He also informed them that he was "detoxing off of methadone 60 mg at least 36 hours ago" and had been suicidal in the past. Pre-trial detainees that present these types of history and current symptoms require special and careful monitoring and treatment.

24. Upon information and reasonable belief, DEFENDANTS kept HARLAN E. MCVEA in the medical ward, but other than routine medical examinations, PLAINTIFF contends that DEFENDANTS ordered no testing, detoxification plan, psychiatric evaluation, and/or consistent

monitoring of HARLAN E. MCVEA. They failed to do so despite their own observations and notations that "his gait was unsteady...," "that he was feeling anxious and paranoid...," and "wanted to see a nurse because of concerns about withdrawal from Methadone, tonight." Incredulously, HARLAN E. MCVEA received no psychiatric intervention even though DEFENDANTS' medical staff noted his need for mental health assessment as "semi-urgent" and even "urgent."

25. A few hours later, and on the very same night he expressed concerns about his methadone withdrawal (March 31, 2009), HARLAN E. MCVEA, who had been cleared to return to a CB Unit cell he shared with another detainee, was found dead in his cell. The cause of death was asphyxia by hanging. DEFENDANTS discovered him after his cell mate awoke and frantically called for help. Hours have passed since he was last supervised by Jail guards/officers and/or medical staff. His body was contorted and he was hanging face down.

26. HARLAN E. MCVEA's mother, Plaintiff DEBORAH RINEHART was not even notified of his death. She found out later when she and her husband went to the Jail to deposit money in his account and the Jail guard experienced difficulty locating him in the system. Then, abruptly, the guard informed them that he had died the night before without any further explanation. This ordeal had caused Plaintiff DEBORAH RINEHART severe mental anguish and irreparable harm.

27. At all times material to this action, both DEFENDANTS were aware of the substantial risk of harm which decedent, HARLAN E. MCVEA, posed to himself. Despite their knowledge, they proceeded to disregard his sensitive mental state and his serious medical needs. He was feeling anxious, paranoid, and despondent over his methadone withdrawal hours before his death, and yet no special measures were taken to reduce the risk of self-inflicting harm.

28. Both DEFENDANTS' failure to adequately monitor the decedent, HARLAN E. MCVEA, to provide him with adequate care to his serious medical needs, and to keep potentially harmful property out of his possession—after having had full and personal knowledge of his drug

addiction (including recent symptoms he was experiencing due to his methadone withdrawal), and chronic mental illnesses—constitutes deliberate indifference to his medical needs and created a substantial, and indeed lethal, risk of bodily harm. Based on the facts presented, no immunity can attach to the actions of the DEFENDANTS.

29. The acts or inactions of DEFENDANTS, jointly and severally, were done with such deliberate indifference and with the purpose and intent of depriving Plaintiff decedent of life and liberty without due process of law and the equal protection of the laws of the State of Texas and United States, as guaranteed to them under the Fourth Amendment, made applicable to DEFENDANTS through the Fourteenth Amendment to the Constitution of the United States.

30. PLAINTIFF is informed and believes the UNKNOWN/UNNAMED EMPLOYEES OF BEXAR COUNTY Jail, in doing the foregoing acts, each named Defendant, was the agent and employee of Defendant BEXAR COUNTY and/or its Sheriff's Office and was acting within such agency and employment. Further, each individual Defendant was acting under the color of State law. The same is asserted against BEXAR COUNTY HOSPITAL DISTRICT's medical staff and/or employees who acted within their scope and course of their employment when they: refused to provide HARLAN E. MCVEA, the medical attention he so desperately needed.

31. At all times herein mentioned, DEFENDANTS BEXAR COUNTY and BEXAR COUNTY HOSPITAL DISTRICT authorized and ratified the individual DEFENDANTS' wrongful acts. DEFENDANTS' wrongful conduct was the result of policies, practices, and customs of the police officers and/or detention officers employed at the BEXAR COUNTY Jail, including BEXAR COUNTY HOSPITAL DISTRICT's medical personnel, who failed to take appropriate preventive measures for inmates/detainees who exhibited special mental health needs and had suicidal tendencies or ideations, resulting in deliberate indifference to the safety and well-being of inmates such as PLAINTIFF decedent.

32. Specifically, DEFENDANTS BEXAR COUNTY, BEXAR COUNTY HOSPITAL DISTRICT, as well as the UNKNOWN/UNNAMED EMPLOYEES OF BEXAR COUNTY JAIL,

committed the following acts or omissions:

   a. Failing to adequately train and supervise its police officers, deputies and/or detention officers in the proper treatment of suicidal inmates/detainees, including those needing detoxification;

   b. Failing to provide prompt psychiatric assessment and medical treatment for suicidal inmates, including Plaintiff decedent, from the time of intake throughout the time the inmate is in the custody and control of the DEFENDANTS;

   c. Failing to provide HARLAN E. MCVEA with a safe and secure environment, considering his altered state of mind, while in the custody and control of DEFENDANTS;

   d. Failing to follow the written procedures/guidelines for the handling of suicidal detainees and/or those undergoing detoxification by police officers, detention officers and/or medical staff;

   e. Failing to implement full suicide precautions, *i.e.*, removing bed sheets from the Jail cell of HARLAN E. MCVEA;

   f. Failing to issue proper medical attention including administering proper medications due to HARLAN E. MCVEA's multiple medical conditions and mental health issues for which he was supposed to be treated; and

   g. Failing to issue proper medical attention in the form of a detoxification plan as part of the care of HARLAN E. MCVEA (among others).

33. As a result of the wrongful conduct of DEFENDANTS, jointly and severally, which resulted in the untimely deaths of the decedent, PLAINTIFF will continue to suffer damages, including pecuniary loss, loss of consortium, loss of inheritance, injury to the familial relationship, severe mental anguish, and all damages allowed for wrongful death under Chapter 71 of the Texas Civil Practice and Remedies Code, as a result of the conduct of DEFENDANTS, jointly and severally.

## V. CAUSES OF ACTION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

34. The allegations contained in Paragraphs 1 through 32 are incorporated herein by reference the same as if fully set forth *verbatim*.

35.  The actions of DEFENDANTS during the time period in question, that is from on or about March 30, 2010 through March 31, 2010, were wrongful and constituted deliberate indifference in depriving the decedent and his family of their constitutional rights, as alleged more fully below.

36.  At all times material hereto, DEFENDANTS had a duty to protect the bodily integrity of the decedent and secure his constitutional rights.

37.  The DEFENDANTS failed to conduct and/or implement reasonable intake procedures and policies in that they failed to reasonably use appropriate protocols for screening and monitoring the decedent for suicidal tendencies and/or serious mental and emotional needs; and further, they failed to follow up on the information they received during the processing and screening that did occur. In the instant case, DEFENDANTS were aware of detainee HARLAN E. MCVEA's medical condition and need for detoxification, yet were deliberate indifferent to his needs.

### VI.  CAUSES OF ACTION UNDER 42 U.S.C. §1983 AGAINST DEFENDANTS FOR VIOLATION OF PLAINTIFF'S FEDERAL CONSTITUTIONAL RIGHTS

38.  The allegations contained in Paragraphs 1 through 37 are incorporated herein by reference the same as if fully set forth *verbatim*.

39.  DEFENDANTS, acting under color of state law, with deliberate indifference, deprived PLAINTIFF decedent of the rights, privileges and immunities secured by the Constitution and laws of the United States, specifically those rights secured by the Fourth Amendment, made applicable to the DEFENDANTS, individually and officially, and jointly and severally, through the Fourteenth Amendment to the United States Constitution, by the following:

   a.  demonstrating deliberate indifference to the well-being of PLAINTIFF decedent, HARLAN E. MCVEA, in light of the known serious risk that he would attempt to take his own life or harm himself, which resulted in his death;

   b.  depriving PLAINTIFF decedent, HARLAN E. MCVEA, of his life without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

   c.  subjecting PLAINTIFF decedent, HARLAN E. MCVEA, to cruel, unusual and

       excessive punishment, without due process of law, by depriving him of proper medical care/treatment, in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

d.     failing to exercise their duty to protect the bodily integrity of the PLAINTIFF decedent and secure his constitutional rights;

e.     failing to act as reasonable persons would have acted in the same or similar circumstances in that they were consciously indifferent to the decedent's serious medical needs and this sustained indifference over an unreasonable long period of time led to his death; and

f.     failing to abide by the DEFENDANTS' own guidelines on the screening and categorizing of inmates/detainees based upon their need for monitoring while incarcerated. These guidelines were grossly violated by the DEFENDANTS in the case at bar, and constitutes an official policy, practice or custom by the DEFENDANTS. This policy, practice or custom perpetuates the violation of constitutional rights of the citizens, including the decedent, PLAINTIFF, and others.

### VII.    CLAIMS AUTHORIZED BY 42 U.S.C. §§1983 & 1986

40.    The allegations contained in Paragraphs 1 through 39(a-f) are incorporated herein by reference the same as if fully set forth *verbatim*.

41.    Furthermore, these claims are made pursuant to 42 U.S.C. §§1983 & 1986 for the deprivation of the decedent PLAINTIFF and his federal constitutional rights. Specifically, PLAINTIFF sues for damages for the DEFENDANTS' violation of HARLAN E. MCVEA's Fourth, and Fourteenth Amendment rights under the United States Constitution, and under the survival statute and wrongful death status found in Section 71.021 and Chapter 71 of the Texas Civil Practices and Remedies Code. Furthermore, PLAINTIFF alleges that the wrongful and intentional acts of the DEFENDANTS alleged in the foregoing paragraphs entitle her, as legal heir of the deceased PLAINTIFF's estate, to recover for the physical pain and mental suffering of the deceased, for the loss of the decedent's civil rights, and for the medical and funeral bills and other expenses directly and proximately resulting from the DEFENDANTS' violations as alleged in this Complaint.

### VIII.    ATTORNEY FEES FOR VINDICATION OF CIVIL RIGHTS

42. PLAINTIFF respectfully requests this Court to award PLAINTIFF reasonable and necessary attorney fees and expenses which have been incurred, and which will continue to be incurred by PLAINTIFF to investigate and prepare this case, and during the pendency of this proceeding in trial and all appellate courts. 42 U.S.C. §1988.

## IX. JURY TRIAL DEMAND

43. PLAINTIFF hereby demands a jury trial, pursuant to FED. R. CIV. P. 38(b).

## X. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays that DEFENDANTS be served with process and answer herein and that, on final trial, PLAINTIFF has:

a. A declaratory judgment and/or injunction against DEFENDANTS and/or each DEFENDANT on each and every cause of action prohibiting future violations of the type sued upon here;

b. Judgment against each of the DEFENDANTS for the actual, compensatory and special damages suffered by the deceased PLAINTIFF and each of the survivor PLAINTIFF, individually and as wrongful death beneficiaries, as a result of the DEFENDANTS' conduct in an amount within the jurisdictional limits of the Court and in a sum exceeding the jurisdictional amount of $75,000.00;

c. Costs of suit;

d. Pre-judgment and post-judgment interest as provided by law;

e. Punitive damages for the wrongful and intentional violations by the DEFENDANTS, acting as jointly and severally, of the rights of the deceased;

f. Punitive damages for the wrongful and substantive intentional violations or malicious acts by the DEFENDANTS, acting as jointly and severally, of the rights of the deceased.

g. Reasonable and necessary attorney fees and expenses of litigation, court costs, including those authorized but not necessarily limited to, fees recoverable pursuant

to 42 U.S.C. §1988; and

h.  For such other and further relief to which PLAINTIFF decedent HARLAN E. MCVEA by and through DEBORAH RINEHART, Administratrix AND also suing in her individual capacity, may show themselves justly entitled at law and/or in equity.

Respectfully submitted,

de la RIVA & ASSOCIATES
THE ACROPOLIS BUILDING
13407 N.W. Military Hwy
San Antonio, Texas 78231
(210) 224-2200 [TELEPHONE]
(210) 224-2204 [FACSIMILE]

By: _____
Isabel de la Riva
State Bar No. 24012517
Sonia Rivera Suire
State Bar No. 24003023

ATTORNEYS FOR PLAINTIFF