UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HARLAN E. McVEA, by and through § | | |
| DEBORAH RINEHART, Administratrix, § | | |
| Individually and in her Representative § | | |
| Capacity on Behalf of the Estate of § | | |
| Harlan E. McVea, Deceased, § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| BEXAR COUNTY, TEXAS; § | | SA-11-CV-0256 FB (NN) |
| UNKNOWN, UNNAMED OFFICERS § | | |
| OF THE BEXAR COUNTY § | | |
| SHERIFF'S OFFICE, Individually and § | | |
| Officially; and § | | |
| BEXAR COUNTY HOSPITAL DISTRICT,§ | | |
| d/b/a University Health System, § | | |
| § | | |
| Defendants. § | | |

## ORDER CONCERNING AMENDED COMPLAINT

The matter before the court is plaintiff-decedent Harlan E. McVea's effort to amend his complaint. In the original complaint, McVea complained about violations of his constitutional rights that allegedly caused his suicide while he was a pretrial detainee at the Bexar County Detention Center (the Jail). As defendants, McVea named Bexar County (the County) and the Bexar County Hospital District (the Hospital). The amended complaint sought to add two additional plaintiff-decedents who also committed suicide during detention at the Jail. The defendants moved to dismiss the

amended complaint on grounds that the amendment was untimely and the amendment is unduly prejudicial.

Rule 15 permits a party to amend "its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading…."[1] "If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."[2] Under this rule, McVea's amendment was timely as to the County because the County answered the original complaint on May 24, 2011[3] and McVea filed the amended complaint on the following day.[4] The amendment was untimely as to the Hospital because the Hospital answered the original complaint on April 14, 2011[5] and the amended complaint was filed more than 21 days later, on May 25, 2010.[6]

The question of timeliness, however, does not end the court's inquiry because a court considering "whether to grant a motion to amend to join additional plaintiffs

---

[1] Fed. R. Civ. P. 15(a)(1).

[2] *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11 th Cir. 2007).

[3] Docket entry # 18.

[4] Docket entry # 19.

[5] Docket entry # 5.

[6] Docket entry # 19.

2

must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."[7]

Rule 15 focuses on the timing and circumstances under which a party may amend a pleading. Because "the purpose of pleading is to facilitate a proper decision on the merits,"[8] Rule 15 facilitates decisions on the merits rather than decisions based on technicalities.[9] McVea's amendment though does not focus on the merits of his claim. The amendment does not seek to clarify McVea's claims, add details learned since filing the original complaint, or name defendants discovered during discovery. Instead, the amendment focuses on the claims of two additional plaintiffs. As such, the amendment does not serve Rule 15's purpose of facilitating decisions on the merits of McVea's claim.

Rule 20 permits plaintiffs to join in one action if: "(A) they assert any right…arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."[10] Where these elements are satisfied, the court still has "the discretion to refuse

---

[7] *Hinson v. Norwest Fin. S.C.*, 239 F.3d 611, 618 (4th Cir. 2001).

[8] *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

[9] *See Foman v. Davis*, 371 U.S. 178, 181 (1962).

[10] Fed. R. Civ. P. 20(a)(1).

joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."[11] The custodial deaths at issue did not flow from the same transaction, occurrence, or series of transactions or occurrences.[12] Instead, the deaths occurred at a different times and undoubtedly involved different intake personnel, detention guards, and medical staff. The allegations implicate the same question of law — whether the defendants were deliberately indifferent to the needs of the decedent-plaintiffs — but joining the claims of three decedent-plaintiffs promises to confuse the jury and unfairly prejudice the defendants. In a case involving only one plaintiff, the court can control prejudice flowing from evidence about other inmate deaths.[13]

---

[11]*Acevedo v. Allsup's Convenience Stores*, 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted).

[12]According to the allegations in the amended complaint, McVea was arrested and confined on March 30, 2009. McVea suffered from drug addiction, bipolar disorder, obsessive-compulsive tendencies and depression. McVea was detoxing off of methadone. McVea hung himself on the evening of his arrest. Tucker was arrested and detained on May 26, 2010. Tucker suffered from depression and drug addiction. Tucker hung himself two days after his arrest. Guzman self-surrendered and entered detention on January 5, 2010. Guzman was addicted to heroin and used heroin the day he arrived at the Jail. Guzman reportedly died from a heart attack two days after he was detained. Docket entry # 19.

[13]Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Moreover, it is unrealistic to ask a jury to segregate evidence relevant to three plaintiffs in resolving claims against the County from evidence relevant to McVea in his claim against the Hospital. Though mindful of McVea's need to prove up a policy, practice or custom that caused his custodial death, that effort can be pursued without joining three decedent-plaintiffs in one trial. Prosecuting the claims of the decedent-plaintiffs in separate lawsuits will safeguard principles of fundamental fairness for all involved.

I DENY the motion to amend the complaint (docket entry # 23). I GRANT the motions to strike the amended complaint (docket entry #s 21 & 22). I DENY the defendants' request for an extension of time to answer the amended complaint as moot. I direct the clerk to strike the amended complaint (docket entry # 19) from the record.

**SIGNED** on August 30, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE