UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HARLAN E. McVEA, by and through | § | |
| DEBORAH RINEHART, Administratrix, | § | |
| Individually and in her Representative | § | |
| Capacity on Behalf of the Estate of | § | |
| Harlan E. McVea, Deceased, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| BEXAR COUNTY, TEXAS; | § | SA-11-CV-0256 FB (NN) |
| UNKNOWN, UNNAMED OFFICERS | § | |
| OF THE BEXAR COUNTY | § | |
| SHERIFF'S OFFICE, Individually and | § | |
| Officially; and | § | |
| BEXAR COUNTY HOSPITAL DISTRICT, | § | |
| d/b/a University Health System, | § | |
| | § | |
| Defendants. | § | |

## ORDER CONCERNING JOINDER OF NECESSARY PARTY

This order addresses the defendants' motions to join a necessary party.[1] In their motions, the defendants argued that decedent-plaintiff Harlan McVea's father—Charles McVea—is a necessary party in this action. The defendants relied on Rule 19(a)(1) and asserted that Charles McVea has an interest in this action such that disposing of this case in his absence may impair or impede Charles McVea's ability to protect his

---

[1] Docket entry #s 39 & 40.

interest.[2]

As the parties advocating joinder, the defendants have the initial burden of demonstrating Charles McVea is a necessary party.[3] If "an initial appraisal of the facts indicates that a possibly necessary party is absent," the burden shifts to the party opposing joinder.[4] Deborah Rinehart—Harlan McVea's mother and representative—did not respond to the defendants' motion.

Rule 19(a)(1) provides, in relevant part, the following:

> A person…whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: …(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: …(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[5]

The defendants addressed the second part of the rule by arguing that the failure to join Charles McVea as a party may subject them to a substantial risk of incurring double or multiple obligations or other inconsistent obligations, but they did not address the first part of the rule; that is, the defendants did not address whether Charles McVea claims an interest in this case. The defendants reported that they contacted Charles McVea,

---

[2]Docket entry # 39, ¶ 2.

[3]*Hood v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

[4]*Hood*, 570 F.3d at 628 (internal citation omitted).

[5]Fed. R. Civ. P. 19.

established that he was Harlan McVea's father, and confirmed that Rinehart had not contacted Charles McVea about this case, but they did not state that Charles McVea claimed an interest in the case. Logically, if Charles McVea expressed an interest in this case, the defendants would have reported that communication. Thus, nothing indicates Charles McVea claims an interest in this case. Because the defendants did not show Charles McVea claims an interest in this case, they did not satisfy the initial burden to show that Charles McVea is a necessary party. I deny the motions (docket entry #s 39 & 40).

**SIGNED** on February 28, 2012.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE